# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Eric A. Woodling** | ) | **CASE NO.** _____ |
| **434 Cheshire Road** | ) | |
| **Akron, Ohio 44319** | ) | **JUDGE** _____ |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **GeoBuild, LLC** | ) | |
| **449 Munroe Falls Avenue** | ) | |
| **Tallmadge, Ohio 44278** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GeoBuild, LLC** | ) | |
| **c/o Registered Agent Solutions, Inc.** | ) | |
| **4568 Mayfield Road, Suite 204** | ) | **Jury demand endorsed hereon.** |
| **Mayfield Heights, Ohio 44121** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GeoBuild, LLC** | ) | |
| **4607 Library Road** | ) | |
| **Suite 220 #459** | ) | |
| **Bethel Park, Pennsylvania 15102** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Eric A. Woodling for his several causes of action and claims for relief against Defendant GeoBuild, LLC avers, as of all times pertinent, the following matters and things.

## Introduction

1. This action is brought to remedy the violations of Mr. Woodling's by GeoBuild under the American's with Disabilities Act of 1990, as amended, 42 U.S.C. §§12101, et seq.

2. Mr. Woodling contends GeoBuild discriminated against him on account of his disabling medical condition and/or on account of its perception that he was disabled and/or that GeoBuild retaliated against him when he sought a reasonable accommodation on account of his disabling condition.

3. As a result of the acts and omissions of GeoBuild, Mr. Woodling has and continues to suffer a loss of income and emotional distress.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S. C. §§ 1331, 1343 and/or 1391.

## Count I (Disability Discrimination - ADA)

5. Plaintiff Eric A. Woodling ("Plaintiff" or "Woodling") was at all times relevant hereto and currently is a resident of Ohio and resided at the above captioned address in Akron, Ohio. Woodling is 58 years old as of the date of this action was initiated.

6. Woodling is a member of the Laborer's International Union of North America ("LIUNA"), Laborers Local Union No. 894 located at 720 Wolf Ledges, Akron, Ohio 44311 ("Local 894").

7. Defendant, GeoBuild, LLC ("Defendant" or "GeoBuild") was at all times relevant hereto and currently is an Ohio limited liability company in good standing with offices at the above captioned address and locations at various other location throughout the United States including the State of Ohio.

8. GeoBuild operates out a location at 449 Munroe Falls, Avenue, Tallmadge, Ohio 44278 where it stores vehicles and equipment and where its Ohio based workforce, including Mr. Woodling, reported prior to traveling to and upon returning from various worksites where GeoBuild performs constructions services.

9. GeoBuild provides design and construction services including, but not limited to landslide stabilization, roadside stabilization, and earth retention.

10. GeoBuild employs a union labor force called from Local 894 in Akron, Ohio.

11. GeoBuild was and is an employer within the meaning of the Americans with Disabilities Act of 1990, as amended ("ADA"), Title 42, U.S. Code §§ 12101-12117, as well as of the provisions of the CFR promulgated by the EEOC under the ADA.

12. At all times relevant hereto Woodling was and is suffering from a medical condition and Defendant knew about his medical condition.

13. At all times relevant hereto Woodling contends he could perform the essential functions of his job with or without accommodation.

14. In September 2013 GeoBuild hired Woodling as a Supervising Laborer/Foreman. In this position he supervised a team of laborers and performed construction services.

15. Of the GeoBuild field workforce, Woodling had the longest tenure and held more certifications than anyone else employed by GeoBuild in the field of construction GeoBuild regularly engaged in.

16. While laborers performing construction services for GeoBuild are required, *inter alia,* to lift and carry heavy equipment and materials, Woodling in his role as a Supervising Laborer had for years regularly utilized his workforce to perform the heavy lifting. Woodling in not aware that any laborer who was subjected to any requirement that they had to be able to lift a specific amount of weight as a condition of employment.

17. At all relevant times, Woodling performed his job safely and satisfactorily and all assertions to the contrary are false.

18. In the October to November 2018 time frame Woodling began to lose feeling in his extremities.

19. In mid-November 2018 he informed Paul Hale, then president of GeoBuild, of his medical condition. Mr. Hale responded, "we don't need you for your brawn, we need you for your brain".

20. On January 2, 2019 Woodling went to work, but due to his disabling medical condition could barely get out of his truck. He was subsequently diagnosed with a disabling medical condition which required him to take a leave of absence for surgical intervention.

21. GeoBuild did not subject Woodling to a lay-off, rather it allowed him to "sit" in an unpaid status, thereby affording him leave as a reasonable accommodation on account of his disabling condition.

22. After surgery, Woodling remained off while undergoing rehabilitation.

23. On February 25, 2019 Woodling was released to return to work and he contacted GeoBuild. He was told by office staff that he would be contacted later in the week. He requested a light duty as a reasonable accommodation on account of his disabling. He was told GeoBuild did not have light duty positions. GeoBuild continued to afford him to "sit" in an unpaid status.

24. On March 4, 2019 Woodling provided GeoBuild a note from his medical provider with a 6-month restriction that he should not lift anything in excess of 25 pounds on account of his disabling condition and again asked for a reasonable accommodation on account of his disabling condition. He was aware that he could perform the essential

functions of his job with this reasonable accommodation, as it was consistent with the manner in which he performed as Supervisory Laborer/Foreman.

25. Despite the contention that there was no light duty available, he was called back to work for training on a new piece of equipment acquired by GeoBuild. He also traveled with a coworker to view job sites where GeoBuild had been awarded contracts for the performance of construction services.

26. Upon information and belief, when Hale learned Woodling had attended a site view of a project, he became enraged at the supervisory employee who called Woodling back to work.

27. Woodling was not subsequently assigned to a project and remained on unpaid status.

28. GeoBuild had an affirmative obligation under the ADA to engage in a meaningful interactive process with Woodling to determine if there was an accommodation Woodling could have been afforded which was consistent with his limitations that would have permitted him to perform the essential functions of his job.

29. GeoBuild failed and refuses to engage in any meaningful interactive process.

30. On or about March 22, 2019 Hale terminated Woodling on account of "quality concerns" with his work due to a failure in the installation of a slope stabilization system.

31. Woodling contends the stated basis for his termination is a false reason for the adverse job action. The stabilization system was installed in accordance with industry standards and was inspected in accordance with the plans and specifications for the project. On other projects, failures of installations did not lead to the termination of any of the employees who worked on that project.

32. Woodling is aware of at least one laborer, not within his protected class status, employed by GeoBuild who has been afforded light duty work.

33. Woodling was ultimately released to return to work without restrictions on September 17, 2019 and remains "on the book" at Local 894.

34. GeoBuild's stated basis for terminating Woodling was pretext for a discriminatory and/or retaliatory termination.

35. At all relevant times, Plaintiff was disabled, within the meaning of the ADA and/or GeoBuild perceived and/or regarded him as having a disabling condition; and said condition and/or perception constitutes a covered "disability" within the meaning of the ADA.

36. At all relevant times, GeoBuild knew Woodling was disabled, within the meaning of the ADA and/or GeoBuild perceived and/or regarded him as having a disabling condition; and said condition and/or perception constitutes a covered "disability" within the meaning of the ADA.

37. Woodling could perform the essential functions of a Supervisory Laborer/Foreman with or without reasonable accommodations.

38. GeoBuild's stated basis for terminating Woodling is pretextual and constitutes an adverse job action on account of his disability, GeoBuild's perception that he was disabled and/or his engagement in protected activity in the form of seeking a reasonable accommodation.

39. Woodling filed a timely charge of discrimination alleging, *inter alia,* disability discrimination with the Equal Employment Opportunity Commission ("EEOC").;

40. The EEOC conducted an investigation and was unable to conclude that the information it obtained established violations of any statutes and issued a Notice of Rights on August 20, 2020; a true copy of said Notice of Rights is attached hereto, and incorporated by reference herein, as Plaintiff's Exhibit A.

41. Plaintiff has satisfied all conditions precedent to this Court's exercise of jurisdiction over claims under the ADA.

42. By reason of GeoBuild's acts and omissions of disability discrimination under the ADA, Woodling has been damaged in said sums of Back and Front Pay and Compensatory and Punitive Damages, plus reasonable attorneys' and experts' fees and costs under 42 U.S.C. §112205.

### Count II (ADA – Retaliation)

43. Woodling restates the allegations contained in foregoing paragraphs of this Complaint as if fully restated herein.

44. GeoBuild was and is an employer within the meaning of the ADA.

45. The ADA, and in particular 42 USC § 12203 of the ADA, *inter alia*, proscribes employers from discrimination against any individual who has opposed any act or practice unlawful under the ADA.

46. GeoBuild engaged in a pattern and practice of retaliatory conduct toward Woodling after he engaged in the aforementioned protected activity and denial of his requests for reasonable accommodations.

47. Woodling filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging, *inter alia,* retaliation for having engaged

in activity protected under the ADA in the form of requests for reasonable accommodations.

48. The EEOC conducted an investigation and was unable to conclude that the information io obtained established violation of any statutes and issued a Notice of Rights on August 20, 2020; a true copy of said Notice of Rights is attached hereto, and incorporated by reference herein, as Plaintiff's Exhibit A.

49. Wooding has satisfied all conditions precedent to this Court's exercise of jurisdiction over claims under the ADA.

50. By reason of the foregoing acts and omissions of retaliatory conduct by GeoBuild in violation of the ADA, Woodling has been damaged in said sums of Back and Front Pay and Compensatory and Punitive Damages, plus reasonable attorneys' and experts' fees and costs under 42 U.S.C. §112205.

**WHEREFORE,** Plaintiff demands:

**A.** Pursuant to Fed. Civ. Rule 38, a trial by jury on all Counts;

**B.** As to Count I and II judgment for Woodling and against GeoBuild for said sums of: Back and Front Pay; Compensatory and/or Punitive Damages; prejudgment interest; plus reasonable attorneys' and experts' fees and costs under 42 U.S.C. §12205; and

**C.** Such other and further relief as is just and equitable under the facts and circumstances.

Respectfully submitted,

s/ John F. Myers
John F. Myers #0032779
Attorney at Law
234 Portage Trail
Cuyahoga Falls, Ohio 44221
(330) 819-3695
johnmyerscolpa@gmail.com

Attorney for Plaintiff